IN THE UNITED STATES DISTRICT COURT         FILED
FOR THE SOUTHERN DISTRICT OF GEORGIA U.S. DISTRICT COURT
STATESBORO DIVISION                     BRUNSWICK DIV.

2009 NOV 30  A 11: 35

CLERK_____
SO. DIST. OF GA

TRINITY MACARDIO TELFAIR,

    Petitioner,

vs.                    CIVIL ACTION NO.: CV609-044

VICTOR WALKER, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Trinity Telfair ("Telfair"), who is currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction obtained in Toombs County Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Telfair filed two (2) Responses. For the reasons which follow, Respondent's Motion should be **GRANTED** and Telfair's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Telfair was convicted, after a jury trial, in Toombs County Superior Court on July 27, 1997[1], of armed robbery. Telfair was sentenced to life imprisonment. The Georgia Court of Appeals affirmed Telfair's conviction and sentence by order dated September 18, 1998. Telfair v. State, 234 Ga. App. 444, 507 S.E.2d 195 (1998). Telfair executed a petition for writ of habeas corpus on June 7, 2007, which was filed in the Telfair County

---

[1] Cooper asserts that he was sentenced on July 27, 1997, whereas Respondent asserts Cooper was sentenced on July 23, 1997. The exact date of Cooper's sentencing is immaterial to the undersigned's analysis.

AO 72A
(Rev. 8/82)

Superior Court on June 14, 2007. An evidentiary hearing was conducted, and Telfair's petition was denied on March 16, 2009. Telfair filed an application for certificate of probable cause, which the Georgia Supreme Court denied on May 18, 2009. Telfair v. Burnette, Case Number S09H1238.

Telfair filed this petition, which was executed on June 11, 2009, on June 19, 2009. Telfair contends he received ineffective assistance of trial counsel and of appellate counsel because his trial counsel was appointed to be his counsel on appeal.

Respondent[2] contends Telfair's petition should be dismissed as being untimely filed. Telfair responds that equitable tolling of the applicable statute of limitations is appropriate in this case.

### DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] Respondent cites to exhibits which have not been made part of the record.

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Telfair's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Telfair was found guilty of armed robbery in the Toombs County Superior Court and was sentenced on July 27, 1997. Telfair filed a direct appeal, and the Georgia Court of Appeals affirmed the lower court's judgment on September 18, 1998. Telfair had ten (10) days within which to file a motion for reconsideration or a notice of his intent to file a petition for writ of certiorari to the Georgia Supreme Court; Telfair filed neither of these pleadings. Thus, his conviction became final on or about September 28, 1998. Ga. Ct. App. R. 37(b) (stating that a motion for reconsideration must be filed with the Court of Appeals within 10 days of the decision to be reviewed); Ga. Sup. Ct. R. 38(1) (stating that a notice of intent to apply for a writ of certiorari must be filed within 10 days of the date of the decision to be reviewed); and Ga. Ct. App. R. 38(a)(1) (stating a notice of intent to petition for writ of certiorari in the Georgia Supreme Court shall be filed within 10 days and that filing a motion for reconsideration is not a prerequisite). Because Telfair's conviction became final on September 28, 1998, he had one year from that date to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statue of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the

AO 72A (Rev. 8/82)

ordinary state collateral review process is in continuance- i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Telfair's conviction became final on September 28, 1998, and he filed his state habeas petition on June 7, 2007[3]. By that time, the statute of limitations period applicable to section 2254 petitions had expired, and there was nothing properly filed in the state courts which tolled the applicable federal statute of limitations period.

Having determined that statutory tolling is not available to Telfair, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008). "'The

---

[3] A pro se petitioner's state habeas corpus petition is deemed "filed" at the time the inmate deposits the petition in the prison's mail system. Taylor v. Williams, 528 F.3d 847, 851 (11th Cir. 2008).

burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

According to Telfair, he is entitled to equitable tolling of the statute of limitations period because his trial counsel was appointed to be his appellate counsel. Telfair asserts that this effectively denied him effective assistance of appellate counsel. (Doc. No. 9, p. 3; Doc. No. 12, pp. 2-3). That does not explain Petitioner's delay of almost nine years in seeking post-conviction relief from the state courts.

Telfair has not shown that he is entitled to the equitable tolling of the one-year statute of limitations period applicable to section 2254 petitions. Telfair has not shown that he diligently pursued his rights or that an extraordinary circumstance existed which prevented him from timely filing this petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. Telfair's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, should be **DISMISSED**, with prejudice, as it was not timely filed.

SO REPORTED and RECOMMENDED, this 30th day of November, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE